IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| LAWRENCE NECHELES, as Guardian of JAMES DOE, A Minor, <br><br> Plaintiff, <br><br> vs. <br><br> BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230 AND KATHRYN PATTEN, <br><br> Defendants. | No.: <br><br><br> *Plaintiff demand trial by jury* |

## COMPLAINT AT LAW

Plaintiff, LAWRENCE NECHELES, as Guardian of JAMES DOE, a Minor, by and through their attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendants, BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230 and KATHRYN PATTEN, states as follows:

### INTRODUCTION

1. Plaintiff brings this matter to redress the sexual abuse and discrimination occurring by Defendants Board of Education of Dwight Township High School District #230 ("Board") and Kathryn Patten (collectively referred herein as "Defendants"). Plaintiff brings this matter seeking damages for the various violations of the laws of the United States and State of Illinois arising from Defendants' acts and omissions resulting in harm to JAMES DOE.

### JURISDICTION AND VENUE

2. This case is brought under Title IX of the Educational Amendments of 1972, 20 U.S.C. § 1681, to redress the sex discrimination against Plaintiff (Count I); 42 U.S.C. § 1983 to

redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution (Counts II-IV), and various state law claims (Counts V-VI).

3. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367. Venue is proper under 28 U.S.C. § 1391(b).

4. On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims here all occurred within this district.

## PARTIES

5. Lawrence Necheles is the Public Guardian of Livingston County and the court appointed guardian of JAMES DOE, a minor. He is a citizen of the United States and citizen of the State of Illinois.

6. JAMES DOE, a minor, is a citizen of the United States and citizen of the State of Illinois.

7. Defendant Board is a body politic and corporate under the laws of the State of Illinois. Defendant Board is and was responsible for the governance, organizational, and financial oversight of the staff and administration of Dwight Township High School District #230. Defendant Board, acting through its agents, servants, and/or employees, is engaged in, among other things, the provision of education, care, and development services. Defendant Board is responsible for its own acts or omissions and the conduct of its employees and/or agents under *respondeat superior*.

8. Defendant Kathryn Patten ("Patten") is and/or was an employee of Defendant Board. At all times relevant herein, Defendant Patten worked as a teacher.

9. At the time of the incident in this complaint, Defendant Patten was engaged in the complained of conduct while acting within the scope of her employment and under color of state law.

2

Defendant Patten is sued in her individual capacity and as agent and/or employee of Defendant Board. Defendant Patten is a citizen of the United States and citizen of the State of Illinois.

## FACTS COMMON TO ALL COUNTS

10. At all relevant times herein, Dwight Township High School #230 was located at 801 S. Franklin St., Dwight, IL 60420, and provided instructional programing for high-school aged students.

11. At all relevant times herein, JAMES DOE attended Dwight Township High School #230 as a student.

12. At all relevant times herein, Defendant Board owned, operated, managed, maintained, and controlled Dwight Township High School #230 and the employees and/or agents therein.

13. At all relevant times herein, Defendant Patten was employed by the Board.

14. At all relevant times herein, Defendant Patten was an adult in her thirties and more than ten years older than JAMES DOE.

15. Defendant Board provided Defendant Patten with unlimited authority and access to the Dwight Township High School #230 facilities.

16. Beginning in September 2018 and continuing through January 2019, Defendant Patten initiated a sexual relationship with JAMES DOE, who was a student at Dwight Township High School #230 as well as a minor without the legal ability to consent to sex. During these times, Defendant Patten openly displayed romantic and physical cues making it well-known that she was sexually active and romantically involved with JAMES DOE.

17. Beginning in September 2018 and continuing through January 2019, Defendant Patten groomed and encouraged JAMES DOE to engage in numerous sexual acts with her on the property of Dwight Township High School #230.

18. Over this time period, Defendant Patten continuously made JAMES DOE perform acts of sexual contact and penetration with her at Dwight Township High School #230 and in her car often leaving together from school grounds in plain sight of school officials and employees, who failed to stop these repeated improper encounters.

19. Defendant Board, through its officials and employees at Dwight Township High School #230, knew of Defendant Patten's improper sexual contact with JAMES DOE and deliberately allowed for it to persist as a repeated pattern of misconduct until Defendant Patten was arrested and charged with criminal sexual assault of JAMES DOE. This criminal matter is currently pending in Livingston County, Illinois.

20. Defendant Board knew of Defendant Patten's improper contact with JAMES DOE where a teacher, who was present in Defendant Patten's classroom every morning before school, observed Defendant Patten openly engage in improper relations with JAMES DOE.

21. On prior occasions, Defendant Board knew of other improper sexual relationships between students and faculty, including repeated incidents involving a different member of the Dwight High School #230 faculty and/or athletic department, taking place during and after school hours but Defendant Board was deliberately indifferent to the repeated pattern of improper sexual contact between these students and faculty.

22. On another occasion, a teacher employed by Defendant Board observed Defendant Patten drive JAMES DOE to an alley where JAMES DOE exited following a sexual rendezvous.

# COUNT I
## TITLE IX OF THE EDUCATION AMENDMENTS OF 1972
## <u>BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230</u>

23. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 22 as paragraph 23 herein.

24. Title IX of the Education Amendments of 1972 ("Title IX") states that:

> No person in the United States shall, on the basis of sex, be excluded from participation, in be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

20 U.S.C. § 1681, *et seq.*

25. Plaintiff JAMES DOE belongs to a protected group under Title IX.

26. Defendant Board provide educational institutions with programs and activities and are recipients of federal funds for educational programs and activities as defined under Title IX.

27. As described more fully above, JAMES DOE was subjected to discrimination and harassment by Defendant Patten where Defendant Patten forced JAMES DOE to engage in various sexual acts.

28. The discrimination and harassment suffered by JAMES DOE was based on sex as described above.

29. Defendant Board permitted JAMES DOE to be discriminated against and harassed based on membership in a certain class of individuals.

30. Defendant Board treated JAMES DOE differently than other similarly-situated individuals not belonging to the class of JAMES DOE

31. The discrimination and harassment in the form of repeated acts of sexual penetration and sexual contact were so severe and pervasive that it altered the conditions of JAMES DOE's education.

32. Defendant Board had actual direct notice of Defendant Patten's after learning of her improper sexual contact with JAMES DOE but Defendant were deliberately indifferent to her misconduct.

33. Defendant Board, including school administrators, had knowledge of Defendant Patten's misconduct and possessed the authority to institute corrective measures; however, Defendant failed to take corrective measures to stop harm against JAMES DOE.

34. As a direct and proximate result of the conduct of Defendant Board, Plaintiff JAMES DOE suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT II
## 42 U.S.C. § 1983 – DUE PROCESS VIOLATION – DELIBERATE INDIFFERENCE
## BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230

35. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 34 as paragraph 35 as if restated herein.

36. Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff JAMES DOE possesses a right to bodily integrity.

37. Defendant Board maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendant permitted their employees, such as Defendant Patten, to work with students without conducting background checks.

38. Defendant Board maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where it permitted their adult employees, such as Defendant Patten, to engage in improper sexual conduct with students.

39. Defendant Board maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where these Defendant failed to train and require their employees to perform and/or evaluate background checks in order to disqualify Defendant Patten from employment with Defendant Board.

40. Due to Defendant Board's deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendant Board retained Defendant Patten to work with students, including JAMES DOE

41. Defendant Board's deliberate indifference to the widespread practice and custom of improper and inadequate background checks and enforcement of these background checks created the plainly obviously consequence of sexual abuse by Defendant Patten upon JAMES DOE.

42. Defendant Board's deliberate indifference to the widespread practice and custom of improper sexual contact between employees and their students created the plainly obviously consequence of abuse by Defendant Patten upon JAMES DOE.

43. Based on Defendant Board's widespread practices and customs, Defendant Board denied JAMES DOE due process right to bodily integrity under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

44. Defendant Board's widespread practices and customs unlawfully denied JAMES DOE due process of law in a manner that shocks the conscience.

WHEREFORE, Plaintiff respectfully requests:

7

  a.  Compensatory and punitive damages in an amount to be determined at trial;

  b.  An award of reasonable attorneys' fees, costs, and litigation expenses; and

  c.  Such other relief as the Court may deem just or equitable.

## COUNT III
## 42 U.S.C. § 1983 – DUE PROCESS VIOLATION – "STATE CREATED DANGER" BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230

45. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 44 as paragraph 45 as if restated herein.

46. Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff JAMES DOE possesses a right to bodily integrity.

47. Defendant Board maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where it permitted their employees, such as Defendant Patten, to work with students without conducting background checks.

48. Defendant Board maintained a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law where it has permitted their adult employees, such as Defendant Patten, to engage in improper sexual conduct with students.

49. Due to Defendant Board's deliberate indifference to the safety of the students and to the enforcement of performing background screening on their employees, Defendant Board retained Defendant Patten to work with students, including JAMES DOE.

50. Defendant Board maintained a widespread practice and custom of improper sexual contact between employees and their students.

51. Defendant Board's deliberate indifference to the widespread practice and custom of improper sexual contact between employees and their students created the plainly obviously consequence of abuse by Defendant Patten upon JAMES DOE.

52. Defendant Board's deliberate indifference to its employees' improper sexual contact with students created a specific and identifiable threat to the students working with Defendant Patten.

53. Defendant Board's deliberate indifference to its employees' improper sexual contact with students created a heightened danger because Defendant Board effectively encouraged Defendant Patten to believe that he could engage in improper sexual contact with students without fear of reprisal.

54. Defendant Board's acted with deliberate indifference implied to Defendant Patten that his actions were permissible, and thus, the acts of Defendant Board affirmatively increased the risk of danger to the students at Dwight Township High School #230, including JAMES DOE.

55. Through their actions, Defendant Board placed JAMES DOE in a heightened danger that she would not have otherwise faced.

56. Defendant Board's repeated and sustained acts of permitting improper sexual abuse between employees and students constituted prior assurances rising to the level of an affirmative condoning of sexual abuse by Defendant Patten.

57. At all relevant times herein, JAMES DOE was a foreseeable victim and a member of a discrete class of persons that was exposed to the actions of Defendant Patten.

58. Defendant Board effectively encouraged Defendant Patten that he will not be arrested, punished, or otherwise interfered with while engaging in misconduct that is likely to endanger the lives of the students at Dwight Township High School #230, including JAMES DOE.

59. Defendant Board's conduct unlawfully denied JAMES DOE due process of law in a manner that shocks the conscience.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT IV
## 42 U.S.C. § 1983 – DUE PROCESS VIOLATION
## KATHRYN PATTEN

60. Plaintiff realleges and incorporates each of the paragraphs of this Complaint contained in paragraphs 1 through 59 as paragraph 60 as if restated herein.

61. Under the Fourteenth Amendment to the U.S. Constitution, Plaintiff JAMES DOE possesses a right to bodily integrity.

62. Defendant Patten's improper sexual abuse and assault with JAMES DOE denied JAMES DOE due process under the law as protected by the Fourteenth Amendment to the U.S. Constitution.

63. Defendant Patten's improper sexual abuse and assault with JAMES DOE unlawfully denied JAMES DOE due process of law in a manner that shocks the conscience.

64. At all times relevant herein, Defendant Patten acted under color of law.

65. As a direct and proximate result of the foregoing conduct of Defendant Patten, Plaintiff JAMES DOE suffered harm.

WHEREFORE, Plaintiff respectfully requests:

a. Compensatory and punitive damages in an amount to be determined at trial;

b. An award of reasonable attorneys' fees, costs, and litigation expenses; and

c. Such other relief as the Court may deem just or equitable.

## COUNT V
## NEGLIGENCE
## BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230

66. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 65 as paragraph 66 herein.

67. Defendant Board, by and through its agents and/or employees, knew or should have known that Defendant Patten was grooming Plaintiff JAMES DOE through her influence in order to commit sexual conduct upon her.

68. Defendant Board, by and through its agents and/or employees, owed a duty to JAMES DOE to report Defendant Patten's conduct to law enforcement or the Department of Children and Family Services ("DCFS").

69. At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.*, commonly known as the Illinois School Code.

70. At all relevant times herein, Defendant Board, by and through its agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

71. At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.*, Commonly known as the Abused or Neglected Child Reporting Act.

72. At all relevant times herein, Defendant Board' employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

73. At all relevant times herein, Defendant Board' employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

74. Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional

or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

75. Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

76. As a result of this mandated reporting proscribed by law, Defendant Board' employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

77. At all relevant times herein, Defendant Board defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

78. Defendant Board knew or should have known that its agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but it was deliberately indifferent to provide adequate training on mandated reporting.

79. Defendant Board had policies and procedures for all Dwight High School #230 personnel which required the reporting of sexual relationship and improper boundaries between school employees and students.

80. Defendant Board knew or should have known that their agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on these policies and procedures in order to prevent risk of harm to the students, but it was deliberately indifferent to provide adequate training on compliance with these policies and procedures.

81. Defendant Board, by and through its agents and/or employees, breached its duty and was negligent in the following ways:

   a. Failed to report grooming and sexual contact between Defendant Patten with Plaintiff JAMES DOE to appropriate law enforcement or DCFS as required by state law or to appropriate school personnel as required by school policies and procedures;

   b. Failed to supervise Defendant Patten in order prevent the improper grooming and sexual conduct with Plaintiff JAMES DOE;

   c. Improperly hired or retained Defendant Patten where it knew or should have known of her sexual grooming of JAMES DOE;

   d. Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of grooming and sexual abuse, including grooming and abuse of Plaintiff JAMES DOE; and

   e. Failed to adequately conduct background checks on Defendant Patten.

82. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Defendant Board breached its duty and caused harm to Plaintiff JAMES DOE.

WHEREFORE, Plaintiff respectfully requests:

   a. Compensatory damages in an amount to be determined at trial;

   b. An award of reasonable costs and litigation expenses; and

   c. Such other relief as the Court may deem just or equitable.

## COUNT VI
## WILLFUL AND WANTON CONDUCT
## BOARD OF EDUCATION OF DWIGHT TOWNSHIP HIGH SCHOOL DISTRICT #230

83. Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 82 as paragraph 83 herein.

84. Defendant Board, by and through its agents and/or employees, with notice of a substantial danger of harm, knew that Defendant Patten was grooming Plaintiff JAMES DOE through her influence as teacher in order to commit sexual conduct upon her.

85. Defendant Board, by and through its agents and/or employees, owed a duty to JAMES DOE to report Defendant Patten's conduct to law enforcement or DCFS.

86. At all relevant times herein, there was in effect a certain statute, 105 ILCS 5/1, *et seq.*, commonly known as the Illinois School Code.

87. At all relevant times herein, Defendant Board, by and through its agents and/or employees, had a duty to abide by the policies set forth in the Illinois School Code.

88. At all relevant times herein, there was in effect a certain statute, 325 ILCS 5/1, *et seq.*, Commonly known as the Abused or Neglected Child Reporting Act.

89. At all relevant times herein, Defendant Board's employees and/or agents had a duty to abide by the policy set forth in the Abused or Neglected Child Reporting Act.

90. At all relevant times herein, Defendant Board's employees and/or agents were mandated reporters as defined in the Abused or Neglected Child Reporting Act.

91. Under 325 ILCS 5/4, the Abused or Neglected Child Reporting Act provides that school personnel having reasonable cause to believe a child known to them in their professional or official capacity may be an abused child shall immediately report or cause a report to be made to DCFS.

92. Under 89 Ill. Adm. Code § 300 app. B. at 8, sexual exploitation is a Priority I harm which generates the initiation of an immediate investigation by DCFS.

93. As a result of this mandated reporting proscribed by law, Defendant Board's employees and/or agents were divested of the exercise of discretion and the determination of policy based on the failure to report.

94. At all relevant times herein, Defendant Board defined all school-based personnel as mandated reporters and, where reasonable cause to believe the child known to him or her in their official capacity may have been abused or neglected children, they are required to immediately call the DCFS Hotline.

95. Defendant Board knew or should have known that their agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on mandated reporting, but it was deliberately indifferent to provide adequate training on mandated reporting.

96. Defendant Board had policies and procedures for all Dwight High School #230 personnel which required the reporting of sexual relationship and improper boundaries between school employees and students.

97. Defendant Board knew or should have known that their agents, servants, and/or employees and other school-based personnel needed training, direction, and supervision on these policies and procedures in order to prevent risk of harm to the students, but it was deliberately indifferent to provide adequate training on compliance with these policies and procedures.

98. Defendant Board, by and through its agents and/or employees, were willful and wanton in the following ways:

   a. Failed to report grooming and sexual contact between Defendant Patten with Plaintiff JAMES DOE to appropriate law enforcement or DCFS as required by state law or to appropriate school personnel as required by school policies and procedures with utter indifference to or in conscious disregard for the safety of others;

  b.  Failed to monitor Defendant Patten in order prevent the improper grooming and sexual conduct with Plaintiff JAMES DOE with utter indifference to or in conscious disregard for the safety of others;

  c.  Improperly retained Defendant Patten where it knew or should have known of her sexual grooming of JAMES DOE with utter indifference to or in conscious disregard for the safety of others;

  d.  Failed to reasonably direct, instruct, supervise, monitor, and train its agents, servants, and/or employees to ensure timely and proper reporting of sexual abuse, including abuse of Plaintiff JAMES DOE with utter indifference to or in conscious disregard for the safety of others; and

  e.  Failed to adequately conduct background checks on Defendant Patten with utter indifference to or in conscious disregard for the safety of others.

99. Defendant Board's conduct was with reckless indifference or conscious disregard to the safety of JAMES DOE with utter indifference to or in conscious disregard for the safety of others.

100. As a direct and proximate result of one or more of the aforesaid willful and wanton acts and/or omissions, Defendant Board caused harm to Plaintiff JAMES DOE.

WHEREFORE, Plaintiff respectfully requests:

  a.  Compensatory damages in an amount to be determined at trial;

  b.  An award of reasonable costs and litigation expenses; and

  c.  Such other relief as the Court may deem just or equitable.

## JURY DEMAND

Plaintiff respectfully demands a trial by jury.

                Respectfully submitted,

                /s/ James C. Pullos
                James C. Pullos

James C. Pullos
CLIFFORD LAW OFFICES, P.C.
120 N. LaSalle St., Suite 3100
Chicago, IL 60602
(312)899-9090
jcp@cliffordlaw.com
*Attorneys for Plaintiff*